**Manford JAMES**

v.

**UNITED STATES STEEL
CORPORATION.**

Civ. A. No. 79–4408.

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1981.

Michael Churchill, Philadelphia, Pa., for plaintiff.

Thomas Preston, Philadelphia, Pa., for defendant.

## BENCH MEMORANDUM OPINION [1]

NEWCOMER, District Judge.

The defendant United States Steel moves for summary judgment in this race discrimination in employment case.

---

1. This memorandum is substantially identical to a memorandum read from the bench on

In April 1976, pursuant to a Consent Decree entered into by the defendant and the United States government, the defendant sent plaintiff a check for $242.36. On the reverse side of the check was a release in which it was stated that:

> I, the undersigned ... release United States Steel Corporation ... from any and all claims known or unknown ... resulting from any actual or alleged violations occurring on or before April 21, 1974, based upon race, color, sex, or national origin

The release specifically included all claims that might have been raised in *Dickerson v. United States Steel*, Civil Action No. 73–1292 and *Worthy v. United States Steel*, 507 F.Supp. 25.

The check was sent to the plaintiff along with an elaborate notice approved by me, explaining the check, the release, and the Consent Decree. The first sentence of the Notice reads:

> Enclosed is a 'back pay' check for the amount which you, as an 'affected employee' are entitled to receive under Consent Decree I, upon releasing certain claims you may have against your employee and union.

The next sentence is italicized:

> *It is in your interest to read this letter carefully before deciding whether or not to cash or deposit your check.*

The check and the notice were sent to the plaintiff by registered mail, and plaintiff's signature appears on the certificate of receipt. Plaintiff's signature also appears on the endorsement line under the release on the reverse side of the check. Plaintiff does not dispute that these signatures are his.

Plaintiff has testified that his wife opened the letter, gave him the check, and that he endorsed it without reading the language in the release. He also testified that he did not see the Notice. Assuming the truth of plaintiff's testimony; that is,

December 23, 1981.

that he signed the certificate of delivery for the registered mail letter, and his wife opened the letter and did not give him the Notice the question remains: was plaintiff's acceptance of the check with the very broad release language an effective waiver of the rights he asserts in this lawsuit?

In determining whether or not the plaintiff's waiver of his rights has been "knowing and voluntary" *Alexander v. Gardner-Denver Company*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017–1018, 39 L.Ed.2d 147 (1974) I must decide whether or not plaintiff understood at the time what he was doing. Clearly the Notice sent with the check, and the terms of the release on the back of the check, would put anyone who can read on notice as to the meaning of endorsing the check. Indeed, plaintiff has testified that he has had two years of college. Presumably, therefore, he can read well.

What, then, is the effect of this elaborate procedure of notification and information, and a clearly-worded release if the person who endorses the check does not bother to read what he has endorsed?

Counsel for plaintiff has quite candidly agreed that his primary contention is that the very broad language of the release should not be enforced because to do so would be contrary to public policy. I cannot accept the argument that these releases operate to minimize the enforcement of the Civil Rights laws. Neither can I find a public policy that rewards or protects a litigant who signs releases without reading them. Conceivably, if there were some evidence of deception on the part of the defendant, which there is not, or testimony that the plaintiff could not read, which there is not, I would inquire further into the voluntariness of plaintiff's waiver of his rights. Neither can I find any comfort in the law of contracts, because the mistake, if any, was wholly the result of plaintiff's decision not to read a short and simple explanation for the delivery of the check to him. *Cf. Three Rivers Motor Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975).

As counsel has pointed out, I have reviewed and approved the system of notices and releases in this case. I am still certain that the language and the procedures are fair. Absent some special circumstances, I must enforce the terms of the releases. Because I have not found those special circumstances here, defendant's motion will be granted, and the appropriate order will be entered.